# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| ANGELO COREY STACKHOUSE, | ) | 3:11-cv-00495-LRH-WGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER ON MOTION TO SEAL** |
| | ) | **(Doc. # 18)** |
| DR. FAIRCHILD, *et al.*, | ) | |
| Defendants. | ) | |

Defendants have filed a Motion for Summary Judgment (Doc. #17) and a Motion for Leave to file certain exhibits under seal (Doc. #18). The exhibits defendants seek leave to file under seal are Exhibit C, Transfer Examination and Report; Exhibit G, ESP Medical Kites; Exhibit H, Declaration of Georgia Luce; Exhibit I, Dental Records; Exhibit J, Progress Notes; Exhibit K, Physicians Orders; and Exhibit L, Consent for Extraction.

Defendants state the records are "confidential in nature" due to certain Nevada Department of Corrections (NDOC) Administrative Regulations. (Doc. #18 at 2.) Defendants seek to "prevent their entry into the public record." (*Id.*) In addition, defendants represent that these records will be housed "…in a safe and secure place outside of plaintiff's cell and to permit plaintiff to review the exhibits by appointment… ." (*Id.*)

It appears, therefore, that the Defendants' rationale is not that the records should not be available as a public document but rather that plaintiff himself, based on certain NDOC regulations, should not be permitted to have possession of them. The court understands from prior matters, however, that NDOC's concern is that if medical records were to be made a

1 public document, there is a possibility third parties would obtain such records and provide
2 them in some fashion to the inmate.

3 Defendants' motion for summary judgment, if granted, would be a dispositive motion.
4 Therefore, the motion to seal is governed by the "compelling reasons" standards set forth in
5 *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th. Cir. 2006).

6 In *Kamakana*, the Ninth Circuit noted that "historically, courts have recognized a
7 general right to inspect and copy public records and documents, including judicial records
8 and documents." *Id.* at 1178 (internal quotation marks and citation omitted). Certain
9 documents that have been traditionally kept secret, such as grand jury transcripts and
10 warrant materials in a pre-indictment investigation, come within an exception to the general
11 right of public access. *See id.* Otherwise, "a strong presumption in favor of access is the
12 starting point." *Id.* (internal quotation marks and citation omitted).

13 A motion to seal documents that are not part of the judicial record, such as "private
14 materials unearthed during discovery," is governed by Federal Rule of Civil Procedure 26(c),
15 which "provide[s] that a trial court may grant a protective order 'to protect a party or person
16 from annoyance, embarrassment, oppression, or undue burden or expense.'" *Pintos v. Pacific*
17 *Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). As the Ninth Circuit explained, "[t]he
18 relevant standards for purposes of Rule 26(c) is whether 'good cause' exists to protect th[e]
19 need for confidentiality." *Id.* (internal quotation marks and citation omitted). The good
20 cause standard is not limited to discovery and also applies to nondispositive motions. *Id.* at
21 678.

22 On the other hand, a motion to seal documents that are part of the judicial record, or
23 filed in connection with a dispositive motion, is governed by the higher "compelling reasons"
24 standard. *Pintos*, 650 F.3d at 678. The "party seeking to seal judicial records must show that
25 'compelling reasons supported by specific factual findings...outweigh the general history of
26 access and the public policies favoring disclosure.'" *Pintos*, 605 F.3d at 678 (quoting
27 *Kamakana*, 447 F.3d at 1178-79). The trial court must weigh relevant factors including "the
28 public interest in understanding the judicial process and whether disclosure of the material

1  could result in improper use of the material for scandalous or libelous purposes or
2  infringement upon trade secrets." *Pintos*, 605 F.3d at 679 n. 6 (internal quotation marks and
3  citation omitted).

4  The explanation defendants provide, i.e., that "access to [inmate record files] should
5  be on a need to know basis," that "normally inmates will not be provided with copies of
6  documents maintained by the Department," and that "Department records...pertaining to an
7  individual inmate which are not specifically approved for release in the regulation are
8  confidential" (Doc. #18, at 2), does not satisfy the burdens imposed by *Kamakana* and
9  *Pintos*. Although defendants' argument for sealing records outline NDOC <u>policies</u> regarding
10 non-disclosure of medical records, the argument does not explain the rationale behind those
11 policies. This would be necessary for the court to evaluate the propriety of sealing the
12 records.

13 Therefore, defendants shall have fourteen (14) days from the date of this order within
14 which to submit a supplement to their motion to seal to provide the court with "compelling
15 reasons supported by specific factual findings" which would justify the court's sealing the
16 requested exhibits.

17 In the future, counsel for NDOC employees who seek to file exhibits in dispositive
18 motions under seal shall strive to comply with the dictates of *Kamakana* and *Pintos*. In such
19 matters, counsel shall provide the court with "compelling reasons supported by factual
20 findings" that will allow the court to determine the defendants have met their burden of
21 establishing the presumption of public access has been overcome.

22 **IT IS SO ORDERED.**

23 Dated: November 22, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

3